UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC E. MILLER,

        Plaintiff,

v.

STATE OF MICHIGAN,

        Defendant.

_____ /

Case No. 26-10506

F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT
PREPAYING FEES AND COSTS (ECF No. 4) AND SUMMARILY
DISMISSING COMPLAINT (ECF No. 1)**

Plaintiff Eric Miller filed this action on February 12, 2026.  ECF No. 1.  Miller then filed an application to proceed without prepaying fees and costs.  ECF No. 4.  The court finds that application facially sufficient and **GRANTS** it.  But for the reasons explained below, Miller's complaint is summarily **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).

I.    **ANALYSIS**

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).

Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios."  *Id.* at 327-28.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft*

---

[1] Generally, affirmative defenses should be considered after a defendant responds unless clear from the face of the complaint, but the court is required to screen for immunity from monetary relief under the PLRA.  *See* 28 U.S.C. § 1915(e)(2); *Jones v. Bock*, 549 U.S. 199, 215 (2007).

*v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678.  "Conclusory allegations are not entitled to the assumption of truth."  *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025).  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Miller formally brings claims under 42 U.S.C. § 1983 against the State of Michigan.  ECF No. 1, PageID.2.  Although he mentions a number of other possible defendants in his complaint, he does not actually list any others in his case caption.  *See id.* at PageID.1.  While the court must construe his complaint liberally, it cannot read into his complaint additional defendants that he did not specifically bring suit against.[2]  Nor will the court consider his "attachment" filed at ECF No. 6, which is not labeled an amended complaint and does not explain

---

[2] Indeed, he appears to have intentionally not listed any other defendants. *See* ECF No. 1, PageID.22 ("I will not be seeking- ANY Kind of damages against WESTWOOD NURSING AT THIS TIME . . . .  I have primarily used the above accounts about Westwood as evidence to the facts and issues.").

whether it is intended to be a supplemental pleading.  *See* Fed. R. Civ. P. 15(e).

The sole defendant actually listed in Plaintiff's complaint, the State of Michigan, is immune from monetary damages in a § 1983 suit. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Young v. Michigan*, No. 25-13351, 2025 LX 509936, at \*3 (E.D. Mich. Nov. 14, 2025).  No other forms of relief are clearly sought against the State of Michigan, nor are any other forms of relief reasonably inferred from the face of Plaintiff's discursive, 74-page complaint.  So the sole Defendant listed by Plaintiff must be dismissed as immune from the monetary relief sought against it.

With that said, as far as the complaint lists various factual allegations against other possible defendants, while it is difficult to parse the exact nature of his claims, they plainly sound in "fantastic or delusional" allegations that are indisputably meritless.  *See, e.g.*, ECF No. 1, PageID.5-13 (claiming various individuals or entities subjected Plaintiff to "Dream Interrogation Sessions" and the "Terrorist Acts of the Dream Interrogation Program").  The majority of his allegations appear to center around this alleged "DIP" (Dream Interrogation

Program) and how various individuals or organizations are involved in a conspiracy to subject him to interrogation while he is asleep. So to the extent that Miller's complaint might be construed to list other possible defendants and claims against them, those claims are based on frivolous factual allegations and are dismissed as such. To the extent any legitimate claim may be buried in his fantastic allegations,[3] the factual bases of those claims are not readily discernable and do not comply with Rule 8 (requiring "a short and plain statement" that the claimant is entitled to relief), nor are they easily separable from his frivolous and fantastic allegations. As a result, his allegations fail to state a claim upon which relief can be granted.

As far as Plaintiff seems to also bring a motion to seal his complaint, that motion is not properly brought as part of a complaint, and that request is accordingly denied. *See* ECF No. 1, PageID.1; E.D. Mich. LR 5.1(e) ("Motions must not be combined with any other stand-alone document.").

## II.   CONCLUSION

---

[3] For example, Miller at times cites portions of the ADA, Rehabilitation Act, or Fair Housing Act. ECF No. 1, PageID.2, 4, 6.

Plaintiff's complaint is thus **DISMISSED** for frivolousness and because it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An order of judgment will follow.

**SO ORDERED.**

Dated: March 3, 2026                          s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge